LEONORA E. FISCHBEIN, petitioner-respondent,

*v.*

LOUIS J. FISCHBEIN, defendant-appellant.

[Submitted May 27th, 1932. Decided October 17th, 1932.]

On appeal from order adjudging appellant guilty of contempt, advised by Vice-Chancellor Backes, who filed the following opinion:

"The Fischbeins were married a number of years ago, and they have two children. Mrs. Fischbein charges her husband with adultery. Pending the suit, she being forced to leave her husband, applied to the court to compel him to support her according to their station in life and his capacity to support her. Upon the motion, both parties submitted affidavits. I expressed my views in a memorandum at that time upon the disclosures made by the affidavits. The testimony taken on cross-examination of Dr. Fischbein does not at all change the view I entertained at that time, which was that—

" 'The adultery is convincingly established, as of that time. It is not denied. The testimony satisfies me that the defendant's income is far more than his affidavit admits, and it is suspected that his affidavit is false. The petitioner is directed to take an order that the defendant submit himself to cross-examination so that it may be more definitely determined if he should pay more than the present order; I call this to counsel's attention, as arousing my suspicion: On page 2 of his schedule he says that he paid rent for 1930 of $3,600. The landlord's statement showed that he paid but $2,300. For 1931 he says he paid out $2,800. The landlord's statement shows that he paid $1,600. If this is false, I want to know it.'

"Counsel understands the meaning of the discrepancies. In his statement he showed what his income was, and in showing the outgo, or his disbursements, they were increased by some hundreds of dollars; in one case $1,300 and in the other $1,200 in excess of what his supporting proofs show; the proof by his landlord.

"Dr. Fischbein is a prominent dentist, stands high in his profession, in a location close by. His earning capacity has been large. He is, I take it from the proofs, a gambler in stocks; and, in 1929, probably as the result of gambling, he was adjudicated a bankrupt. That fact would not decrease his earning capacity, and if he still gambles, does not increase his earning capacity. He simply misapplies that which he earns and has misapplied, probably, that which he earned.

"I am quite satisfied that he is now trifling with the court.

He was ordered to pay his wife $50 a week, August 25th, and since then he has paid her only $40. He has not made an effort to pay her any more and, in that respect, I say he is trifling with the court. His contempt does not consist in the fact that he has not paid her the $50 a week as he was ordered to, but in the fact that he has not paid her as much as he could; I am quite sure he could have paid, if not the $50, substantially toward it. He made no effort along that line.

"I adjudge him guilty of contempt and order him committed to jail. The warrant will be issued next Tuesday to give him a chance to pay up."

*Mr. Philip J. Schotland,* for the appellant.

*Messrs. Rothschild & Rothschild,* for the respondent.

PER CURIAM.

The order under review will be affirmed, for the reasons stated by Vice-Chancellor Backes.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.